**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RONALD WINCE, | No. CV 07-1572-PHX-MHM |
| Petitioner, | **ORDER** |
| vs. | |
| ALBERTO R. GONZALEZ, Attorney General of the United States; et al., | |
| Respondents. | |

Currently before the Court are (1) Petitioner's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP") (Dkt. #13); (2) Respondents' motion to dismiss for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1), cross-motion for summary judgment pursuant to FRCP 56(c), and alternative motion to remand (Dkt. #16); (3) Petitioner's motion to amend his complaint pursuant to FRCP 15 (Dkt. #20); and (4) Respondents' supplemental alternative motion to remand (Dkt. #29). After reviewing the pleadings and determining that oral argument is unnecessary, the Court issues the following order.

**I.    BACKGROUND**

Petitioner Ronald Wince applied for naturalization on May 3, 2004. (Dkt. #16, p.2). The United States Citizenship Immigration Services ("CIS") interviewed Petitioner on November 15, 2005 and then requested a background and name check by the Federal Bureau

1  of Investigation ("FBI"). (Id., pp. 2-3). CIS received the completed background and name
2  check from the FBI on or around February 1, 2008. (Dkt. #29, p.2).

3  Petitioner filed his petition in this Court for a hearing on his naturalization application
4  on August 15, 2007. (Dkt. #1). Then, on October 25, 2007, Petitioner filed a motion for
5  judgment on the pleadings. (Dkt. #13). In response, Respondents filed a motion to dismiss
6  and cross motion for summary judgment, as well as an alternative motion to remand. (Dkt.
7  #16). Petitioner subsequently filed a motion to amend his complaint on December 19, 2007
8  (Dkt. #20), and on February 1, 2008, Respondents filed a motion to supplement their
9  alternative motion for remand. (Dkt. #29).

## II.    MOTION TO DISMISS

Respondents move to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"). Petitioner contends that this Court has jurisdiction over his petition pursuant to the Immigration and Nationality Act of 1990, 8 U.S.C. § 1571, which provides, in pertinent part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b) (1990). "Under § 1447(b), the court has the last word by exercising exclusive jurisdiction over those naturalization applications in which the INS has failed to act in a timely fashion." United States v. Hovespian, 359 F.3d 1144, 1162 (9th Cir. 2004) (en banc).

Whether the Court has subject matter jurisdiction over this action depends on the meaning of "examination" in 8 U.S.C. § 1447(b). Petitioner argues that the word "examination" refers to his interview with CIS, which took place on November 15, 2004. (Dkt. #19, pp. 2-10). Petitioner cites the Court to a raft of cases in support of his position that the 120-day period provided in § 1447(b) is triggered by the completion of the initial

- 2 -

interview of the applicant and is not tolled while CIS completes its background investigation (including the FBI name check). (Id., pp. 7-9). See, e.g., Khan v. Chertoff, 2006 WL 2009055 (D.Ariz. 2006) (Bolton, J.) (holding that "the statutory and regulatory language clearly supports the interpretation that the 120-day period begins to run after the initial examination rather than after the conclusion of the entire examination process"); El-Daour v. Chertoff, 417 F.Supp.2d 679 (W.D.Pa. 2005) (holding that the interview date was the date of "examination"). However, Respondents counter that the word "examination" refers to the entire investigative process, including receipt of the FBI background check. (Dkt. #16, p.11). See Hernandez Gonzalez v. Attorney General, 2007 WL 2786384 (D.Ariz. 2007) (McNamee, J.) (finding that an ambiguity exists as to the extent and process under which an "examination" may be conducted pursuant to 8 U.S.C. § 1447, and deferring to CIS's interpretation that the word "examination" includes the entire investigative process); see also Danilov v. Aguirre, 370 F.Supp.2d 441 (E.D.Vir. 2005) (holding that "an examination is not a single event, but instead is essentially a process the agency follows to gather information concerning the applicant"). As such, according to Respondents, the 120-day period in 8 U.S.C. § 1447(b) did not begin to run because Petitioner's "examination" was not complete until the FBI background check was completed and returned to CIS. (Dkt. #16, p.18).

The Fifth and Fourth Circuits, as well as most district courts, have explicitly rejected Respondents' position; those courts have instead held that an "examination" is a discrete event rather than an indeterminate process.[1] In addition, in Hovsepian, the Ninth Circuit

---

[1] See, e.g., Walji v. Gonzalez, 200 F.3d 436 (5th Cir. 2007); Etape v. Chertoff, 497 F.3d 379 (4th Cir. 2007); Khan, 2006 WL 2009055, at *2; El-Daour, 417 F.Supp.2d at 683; Ghanim v. Gonzales, 2007 WL 2288059, at *1-2 (W.D.Wash. 2007); Farooq v. Hansen, 2007 WL 2177890, at *2-3 (N.D.Ohio 2007); Yang v. Chertoff, 2007 WL 1974943, at *1-2 (S.D.Cal. 2007); Al-Farisi v. Mueller, 492 F.Supp.2d 335, 336-37 (S.D.N.Y. 2007); Silebi De Donado v. Swacina, 486 F.Supp.2d 1360, 1363-65 (S.D.Fla. 2007); Lin v. Sec'y, U.S. Dep't of Homeland Sec., 485 F.Supp.2d 263, 265 (W.D.N.Y. 2007); Mahd v. Chertoff, 2007 WL 891867, at *1-2 (D.Colo. 2007); Nagem v. United States, 480 F.Supp.2d 877, 880-82 (N.D.Tex. 2007); Arshad v. Chertoff, 2007 WL 701185, at *2 (E.D.Tex. 2007); Hamim v. Chertoff, 2007 WL 679643, at *2 (E.D.Mo. 2007); Kheridden v. Chertoff, 2007 WL 674707,

1 stated that "[Section 1447(b)] provides that, if the INS fails to make a decision regarding a naturalization application within 120 days of an applicant's *first* interview the applicant may [seek a judicial hearing] on the matter." 359 F.3d at 1151 (emphasis added). This Court agrees and is persuaded that "examination," as used in the context of 8 U.S.C. § 1447(b), refers to a discrete event rather than an investigative process.

The language in § 1447(b) specifies that the 120-day period begins to run on "the date on which the examination is conducted," which implies that there is but a single date on which the examination occurs. See Walji, 500 F.3d at 436 ("[T]he plain language suggests that the examination is a distinct, single event – the date on which the interview occurs – triggering the 120-day period, and not an ongoing fluid process encompassing the interview as well as the background investigation.") (citing El-Daour, 417 F.Supp.2d at 682). In addition, the statutory scheme and regulations contemplates a distinction between the investigation process and the examination; both §§ 1446 and 1447 differentiate between the two procedures, indicating that the investigative process is separate from the examination. See id. at 437 ("The plain language of [the regulations] instructs the CIS that the 120-day period begins to run after the initial examination and not after conclusion of the entire naturalization process."); see also Khan, 2006 WL 2009055, at *2 ("[T]he regulations differentiate between the examination and the criminal background checks, providing that CIS notify the applicant to appear for the "initial examination" *after* the background check is complete.") (emphasis in original) (citing 8 C.F.R. § 335.2(b)). Thus, the Court finds that

---

at *3-5 (D.N.J. 2007); Attili v. F.B.I., 2007 WL 471124, at *1-2 (S.D.Tex. 2007); Mechanic v. Dep't of Homeland Sec., 2007 WL 580780, at *1 (S.D.Tex. 2007); Manzoor v. Chertoff, 472 F.Supp.2d 801, 804-08 (E.D.Va. 2007); Hussein v. Gonzales, 474 F.Supp.2d 1265, 1267-68 (M.D.Fla. 2007); Affaneh v. Hansen, 2007 WL 295474, at *2-4 (S.D.Ohio 2007); Astafieva v. Gonzales, 2007 WL 120852, at *2 (N.D.Cal. 2007); Khelifa v. Chertoff, 433 F.Supp.2d 836, 840-42 (E.D.Mich. 2006); Al-Kudsi v. Gonzales, 2006 WL 752556, at *1-2 (D.Or. 2006); Shalan v. Chertoff, 2006 WL 42143, at 1-2 (D.Mass. 2006); Essa v. U.S. Citizenship & Immigration Servs., 2005 WL 3440827, at *1-2 (D.Minn. 2005); Castracani v. Chertoff, 377 F.Supp.2d 71, 73-75 (D.D.C. 2005); Meyersiek v. U.S. Citizenship & Immigration Serv., 2006 WL 1582397, at *2 (D.R.I. 2006); Angel v. Ridge, 2005 WL 1263143, at *4 (S.D.Ill. 2005).

1  the word "examination," as used in the context of § 1447(b), refers specifically to the initial
2  interview of the applicant. Respondents' interpretation blurs the explicit statutory distinction
3  between the examination and the entire investigative process. Cf. Hernandez Gonzalez, 2007
4  WL 2786384, at *2 (finding that the CIS's interpretation of "examination" to include more
5  than the interview of the applicant was reasonable).

6  The plain language of § 1447(b) and the clear inferences drawn from the statutory and
7  regulatory scheme clearly supports the interpretation that the word "examination" refers to
8  the initial examination of the applicant; the 120-day period begins to run after the initial
9  examination rather than after the conclusions of the entire investigative process. In the
10 instant case, Petitioner's initial examination took place on November 15, 2004, and CIS has
11 yet to adjudicate Petitioner's application for naturalization. (Dkt. #16, pp. 2-3; Dkt. #29,
12 p.2). As such, CIS did not meet the 120-day deadline for adjudicating Petitioner's
13 application for naturalization, and the Court has jurisdiction over this matter pursuant to §
14 1447(b).

### III. SUPPLEMENTAL ALTERNATIVE MOTION TO REMAND

17 Respondents move in the alternative to remand this action to CIS pursuant to §
18 1447(b) so that CIS might adjudicate Petitioner's application for naturalization. (Dkt. #18,
19 p.16; Dkt. #29, p.2). Specifically, on February 1, 2008, Respondents filed a supplemental
20 alternative motion to remand stating that CIS is now in receipt of the FBI's name checks and
21 that "CIS will adjudicate plaintiff's application no later than 30 business days after this Court
22 enters an Order remanding the case." (Dkt. #29, p.2).

23 Section 1447(b) provides that a district court has the discretion to "either determine
24 the matter or remand the matter [to CIS] with appropriate instructions." 8 U.S.C. § 1447(b).
25 Petitioner opposes remand, requesting that the Court not send Petitioner "back into the
26 clutches of the same inert bureaucracy which failed to follow its own regulations and federal
27 statute in adjudicating his application within 120 days post-interview." (Dkt. #32, p.1). In
28 addition, Petitioner states that "[t]here is a large measure of concern on the part of the

- 5 -

1  Petitioner that the Government will retaliate against [Petitioner] by devoting its efforts to
2  creating new reasons to stall or deny his application should this case be remanded to the
3  Government." (Id., p.2).

4  Most district courts dealing with this issue have remanded the matter to CIS to complete the adjudication of the petitioner's application for naturalization. See, e.g., Hernandez-Gonzales, 2007 WL 2786384, at *3, n.3; Yang v. Chertoff, 2007 WL 1974943, at *3-4 (D.Ariz. 2007); Phompanya v. Gonzalez, 2007 WL 2155765, at *2-3 (W.D. Wash. 2007); Khan, 2006 WL 2009055, at *2; cf. Lifshaz v. Gonzales, 2007 U.S. Dist. LEXIS 28946, at *7-8 (W.D. Wash 2007) (finding that remand was inappropriate due to the possibility that a determination on the petitioner's naturalization process might be endlessly delayed); Ahmadi v. Chertoff, 2007 WL 3022573, at *6 (N.D.Cal. 2007) (declining to remand but noting that if the FBI name check had been completed, then remand to CIS to adjudicate the application would have been appropriate). As the court noted in Khelifa, although the court had jurisdiction under §1447(b) to adjudicate the petitioner's application for naturalization, remand was appropriate because CIS is better able to identify "potentially problematic information that has been uncovered in a background check, and . . . determine whether this information truly reflects legitimate national security or public safety concerns." 2006 WL 1593972, at *6.

The Court finds that reasoning persuasive. The Court notes that Petitioner's fear that the adjudication of his application for naturalization may be delayed – either intentionally or unintentionally – is understandable, especially given the fact that his application was filed on May 3, 2004, more than four years ago, and no adjudication has as of yet taken place. However, the Court will allay that fear by granting only a limited remand to CIS, such that if CIS does not adjudicate Petitioner's application for naturalization within thirty (30) business days from the date of this order (as Respondents state in their supplemental alternative motion to remand that they can and will do), then this matter may be re-opened on motion by Petitioner, and the Court will proceed to set a hearing to adjudicate Plaintiff's application for naturalization. Respondents state that "the government now has the

1  completed FBI name checks and all information available necessary to complete adjudication
2  of petitioner's application," and that they will "complete its adjudication [of Petitioner's
3  application for naturalization] within 30 business days of the date of remand." (Dkt. #33,
4  p.3). The Court finds no reason why CIS should not be entrusted to render a decision in this
5  matter; with the completed FBI name check, CIS should be able to assess the information it
6  has collected and make a prompt determination on Petitioner's application for naturalization.
7  As such, the Court will remand this action with the instruction that CIS must adjudicate
8  Petitioner's application for naturalization within thirty (30) business days of the date of this
9  order.

11  **Accordingly,**

12  **IT IS HEREBY ORDERED** that Respondents' motion to dismiss (Dkt. #16) is
13  DENIED.

14  **IT IS FURTHER ORDERED** that Respondents' supplemental alternative motion
15  to remand (Dkt. #29) is GRANTED IN PART. Respondents must adjudicate Petitioner's
16  application for naturalization no later than thirty (30) business days from the date of this
17  order. See Dkt. #29, p.2. If Respondents do not adjudicate Petitioner's application for
18  naturalization within thirty (30) business days from the date of this order, then this matter
19  may be re-opened on motion by Petitioner.

20  **IT IS FURTHER ORDERED** that Petitioner's motion for judgment on the pleadings
21  (Dkt. #13) is DENIED as moot.

22  **IT IS FURTHER ORDERED** that Respondents' cross-motion for summary
23  judgment (Dkt. #16) is DENIED as moot.

24  **IT IS FURTHER ORDERED** that Respondents' alternative motion to remand (Dkt.
25  #16) is DENIED as moot.

26  **IT IS FURTHER ORDERED** that Petitioner's motion to amend his complaint (Dkt.
27  #20) is DENIED as moot with leave to refile if Respondents do not adjudicate Petitioner's
28  application for naturalization within thirty (30) business days from the date of this order.

1  **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
2  accordingly.

3  DATED this 26th day of June, 2008.

_____
Mary H. Murguia
United States District Judge